IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BALWINDER S. KHANGURA,

        Plaintiff,                  No. 2:09-cv-0720 LKK JFM PS

    vs.

AMERICAN MORTGAGE EXPRESS,
et al.,                             FINDINGS AND RECOMMENDATIONS
        Defendants.
_____/

        Defendants' motion to dismiss or, in the alternative, a motion for more definite statement, came on regularly for hearing June 4, 2009. Plaintiff appeared in propria persona. Dean A. Christopherson appeared for defendants America's Servicing Company, named erroneously as American Servicing Company; John Stumpf; U.S. Bank; National Association, as Trustee of CSFB HEAT 2006-6, named erroneously as US Bancorp; and Richard Davis. Robert A. Muller, Assistant County Counsel appeared for defendants Sutter County Sheriff-Coroner and Sutter County Clerk-Recorder.

        Upon review of the motions and the documents in support, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        On December 23, 2008, plaintiff filed a petition to set aside and void foreclosure sale, cancel note and mortgage, claim in recoupment, quiet title, and for declaratory and

injunctive relief in Sutter County Superior Court. On March 16, 2009, defendants filed a notice of removal to the instant court.

This court has removal jurisdiction over this action under 28 U.S.C. § 441(b) and 28 U.S.C. § 1331, because plaintiff alleges a violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961, et seq. This court has supplemental jurisdiction over plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). In addition, the court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not

1  contested and the complaint necessarily relies on them, and matters of public record.  <u>Lee v. City</u>
2  <u>of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).  Matters of public record include
3  pleadings and other papers filed with a court.  <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d
4  1279, 1282 (9th Cir. 1986).  The court need not accept as true conclusory allegations,
5  unreasonable inferences, or unwarranted deductions of fact.  <u>Western Mining Council v. Watt</u>,
6  643 F.2d 618, 624 (9th Cir. 1981).

7  Rule 12(e) of the Federal Rules of Civil Procedure is designed to strike at
8  unintelligibility, rather than want of detail.  See <u>Woods v. Reno Commodities, Inc.</u>, 600 F. Supp.
9  574, 580 (D. Nev. 1984); <u>Nelson v. Quimby Island Reclamation Dist.</u>, 491 F. Supp. 1364, 1385
10 (N.D. Cal. 1980).  The rule permits a party to move for a more definite statement "[i]f a pleading
11 is so vague that a party cannot reasonably be required to frame a responsive pleading."  Fed. R.
12 Civ. P. 12(e).  The function of such a motion is thus not to require the pleader to disclose details
13 of the case, <u>see</u> <u>Boxall v. Sequoia Union High Sch. Dist.</u>, 464 F. Supp. 1104, 1114 (N.D. Cal.
14 1979), or to provide the evidentiary material that may properly be obtained by discovery, <u>see</u>
15 <u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u>, 525 F. Supp. 940, 949 (E.D. Cal. 1981).  A motion
16 for more definite statement should be denied if a pleading meets federal standards by providing a
17 short and plain statement of the claim showing that the pleader is entitled to relief.  <u>See</u> Fed. R.
18 Civ. P. 8(a)(2).

19 The complaint contains eleven causes of action.  However, defendants correctly
20 note that the central theme running through these claims is plaintiff's theory that the promissory
21 note "does not specify whether it was to be paid with money denominated in Federal Reserve
22 Notes or other Negotiable Instruments."  (Complt. ¶11(b).)  Plaintiff argues that Federal Reserve
23 Notes are not "money" and have no value:

24  As a matter of practice and usage the only functional currency in circulation and use today is non-redeemable Federal Reserve
25  Notes.  When Petitioner applied for the loan, he understood and believed he was being loaned "money," meaning money of
26  exchange that was redeemable and had extrinsic value; when in

3

>reality he was purchasing credit from the Federal Reserve, through
the lender, in the form of Negotiable Instruments, or specifically,
Federal Reserve Notes.

(Complt. ¶ 17.) Plaintiff contends he should be excused from the contract or be paid damages based on defendants' failure to lend him real money.

The theory underlying plaintiff's claims is untenable, frivolous and must be rejected outright.[1] See United States v. Condo, 741 F.2d 238, 239 (9th Cir. 1984) (theory that federal reserve notes are not valid currency is frivolous); Foret v. Wilson, 725 F.2d 254, 254-55 (5th Cir. 1984) (argument, that gold and silver is the only legal tender in United States, is hopeless and frivolous); see also United States v. Greenstreet, 912 F.Supp. 224, 229 (N.D. Tex. 1996) (rejecting as irrational plaintiff's attack on legitimacy of federal reserve notes); Sneed v. Chase Home Finance, LLC, 2007 WL 1851674, *3 (S.D. Cal. June 27, 2007); Tuttle v. Chase Home Finance, LLC, 2008 WL 4919263, *3-4 (D. Utah Nov. 17, 2008); Carrington v. Fed'l Nat'l Mortgage Assoc., 2005 WL 3216226, *2 (E.D. Mich. Nov. 29, 2005).

In plaintiff's eleventh cause of action, he attempts to cast this action as a RICO case. This is also deficient in that the predicate acts of racketeering activity simply do not exist. The activity underlying plaintiff's claims was an ordinary loan transaction. The acts plaintiff complains of are not violations of the Civil RICO Act. See 18 U.S.C. § 1961. Although plaintiff concedes in his opposition that his claims are deficiently pled, he offers no substantive opposition that suggest amendment would be anything other than futile.

Plaintiff's complaint fails to state any claim upon which relief may be granted against the moving defendants. With respect to defendants American Mortgage Express, dba Millenium Funding Group, Inc., Spencer Richardson, Ace Holding Co., Inc., Richard Hall, CEO, NDEX West, LLC, and Michael Barrett, CEO, as well as John and Jane Does, "[a] District

---

[1] Plaintiff is cautioned that further frivolous filings causing unwarranted consumption of judicial resources and defense costs will result in the imposition of sanctions under Federal Rule of Civil Procedure 11.

4

Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."). See Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998). Here, it appears that plaintiff's claims against the above-named defendants, as well as any claims plaintiff might have against unnamed defendants, are integrally related to the claims against the moving defendants.[2] The undersigned will therefore recommend that plaintiff's complaint be dismissed as to all claims against all defendants.

The undersigned has carefully considered whether plaintiff's complaint should be dismissed with leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). While leave to amend must be freely given, the court is not required to allow futile amendments. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). See also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). In the present case, plaintiff did not persuasively argue either in his written

---

[2] Each of plaintiff's eleven causes of action is alleged against all defendants (referred to as "mortgage defendants") except defendants John P. Parker, as Sheriff/Coroner of Sutter County and Donna M. Johnston as Clerk Recorder of Sutter County.

opposition or at the hearing of defendants' motion that he can cure the defects of any of his claims.  In his written opposition, plaintiff claimed he could amend his complaint by alleging violation of predatory lending laws and states he

> can bring to bear the Truth in Lending Act (15 U.S.C. §§ 1601-1666j), the Home Ownership and Equity Protection Act (15 U.S.C. §§ 1602(aa), 1639), the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 to 2617), the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p), the various California Unfair and Deceptive Practices statutes, and more.

(Opp'n. at 3.)  However, plaintiff again provided no factual support to suggest he could state a cognizable claim under any of those federal statutes.

It does not appear to the undersigned that plaintiff can amend his complaint to cure the defects arising from his fundamental misconceptions regarding mortgage loan transactions and defendants' power to sell property upon default on the loan.  Nor does it appear that plaintiff can allege facts establishing all of the elements of any of his causes of action.  Thus, it would be futile to grant plaintiff leave to amend.  For these reasons, the complaint should be dismissed without leave to amend

Accordingly, IT IS HEREBY RECOMMENDED that defendants' March 24, 2009 amended motion to dismiss be granted, defendants' March 24, 2009 amended motion for more definite statement be denied, and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

/////

/////

/////

1 failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: June 4, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; khangura.mtda